■ NOEL P. HORKAN et al., Respondents, v COMMAND SECURITY CORPORATION et al., Appellants. [728 NYS2d 495] —In an action, *inter alia*, to recover damages for alleged violations of the overtime provisions of the Fair Labor Standards Act (29 USC § 201 *et seq.*), the defendants, Command Security Corporation and British Airways, PLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated June 15, 2000, as granted the plaintiffs' motion for partial summary judgment on their claims for overtime pay to the extent of holding that the defendant Command Security Corporation violated the overtime provisions of the Fair Labor Standards Act, denied that branch of their motion which was to dismiss the plaintiffs' overtime claims insofar as asserted against the defendant Command Security Corporation, and referred the issue of the amount of the overtime payments

due to the plaintiffs to a Judicial Hearing Officer to hear and determine.

Ordered that the appeal from the order by British Airways, PLC, is dismissed, as it is not aggrieved thereby; and it is further,

Ordered that the order is reversed insofar as appealed from by Command Security Corporation, on the law, with costs, the plaintiffs' motion is denied insofar as it was for partial summary judgment against Command Security Corporation with respect to the overtime claims, and that branch of the defendants' motion which was to dismiss the plaintiffs' overtime claims insofar as they are asserted against Command Security Corporation is granted; and it is further,

Ordered that Command Security Corporation is awarded one bill of costs payable by the respondents.

The issue is whether the plaintiffs, who worked as security officers at John F. Kennedy International Airport, are covered by the overtime provisions of the Fair Labor Standards Act (29 USC § 207). It is conceded that if that statute applies, the plaintiffs would be entitled to overtime payments, either under Federal or New York State law (see, 12 NYCRR 142-2.2).

In their affidavits, the plaintiffs described themselves as employees of both of the defendants, Command Security Corporation (hereinafter CSC) and British Airways, PLC (hereinafter BA). Their third amended complaint dated May 21, 1998, alleges that they were "at will" employees of both CSC and BA. A subsequent complaint, alleging different causes of action, dated March 24, 1999, also alleges that the plaintiffs were employees of "both corporate defendants." According to the relevant statute, the overtime provisions of the Fair Labor Standards Act are not applicable "with respect to * * * any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act" (29 USC § 213 [b] [3]). It is clear that BA is a "carrier by air" within the meaning of the statute, so that application of these statutes leads to the conclusion that the plaintiffs are not covered by the overtime provisions.

The plaintiffs contend that their status as employees of CSC, which is not a "carrier by air," renders the overtime provisions of the Fair Labor Standards Act, and hence the overtime provisions of New York law, applicable, notwithstanding their admitted status as employees of BA. We disagree.

According to 45 USC § 181, the scope of the Railway Labor Act was extended to cover "every common carrier by air engaged in interstate or foreign commerce, and every carrier

by air transporting mail for or under contract with the United States Government, *and every* air pilot or *other person who performs any work as* an employee or *subordinate official of such carrier or carriers, subject to its or their continuing authority to supervise and direct the manner of rendition of his service*" (emphasis added). Thus, the terms of the statute extend the provisions of the Railway Labor Act not only to "employees" of air carriers, but to all those "officials" who "perform any work * * * subject to [such carriers'] authority." The record establishes that the plaintiffs performed their work under the direction and supervision of BA or its agents. Thus, the employment status of the plaintiffs is not critical to the determination of the application of the Railway Labor Act to them. Rather, it is critical that they performed work as subordinate officials under the supervision of a carrier by air.

Contrary to the plaintiffs' contention, the various decisions of the National Mediation Board which address the scope of its jurisdiction under the Railway Labor Act in contexts similar to the one now under review are persuasive authority with respect to the issue of the scope of the exemption to the Fair Labor Standards Act set forth in 29 USC § 213 (b) (3). Those decisions generally hold that security services such as those performed by the plaintiffs have traditionally been performed by airline employees, and that where air carriers are involved in the direct supervision of the agents providing such services, the Railway Labor Act applies (*see, Matter of Frain Servs.,* 19 NMB 161; *Matter of Command Sec. Corp.,* 27 NMB 581; *cf., Matter of United Steel Workers,* 20 NMB 181).

For the foregoing reasons, we conclude that the plaintiffs are covered by the Railway Labor Act, and that they therefore have no right to overtime payments pursuant to the Fair Labor Standards Act (*see, Slavens v Scenic Aviation,* 221 F3d 1353; *Verrett v SABRE Group,* 70 F Supp 2d 1277).

BA is not aggrieved by the order appealed from, in which the court granted the defendants' motion to the extent of dismissing the plaintiffs' overtime claims insofar as they are asserted against BA, granted the plaintiffs' motion for partial summary judgment on their claims for overtime pay to the extent of holding that CSC violated the overtime provisions of the Fair Labor Standards Act, and referred the issue of the amount of the overtime payments due from CSC to the plaintiffs to a Judicial Hearing Officer to hear and determine. The appeal by BA is therefore dismissed. Santucci, J. P., Krausman, McGinity and Feuerstein, JJ., concur.